**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN H. BAKER, an individual, | No.  19-16431 |
| Plaintiff-Appellee, | D.C. No. 1:16-cv-00840-DAD-SAB |
| v. | |
| COTTRELL, INC., | MEMORANDUM[*] |
| Defendant-Appellant. | |
| JOHN H. BAKER, an individual, | No.  19-16528 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 1:16-cv-00840-DAD-SAB |
| COTTRELL, INC., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted October 19, 2020[**]
San Francisco, California

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: HAWKINS, N.R. SMITH, and R. NELSON, Circuit Judges.

After he sustained a compound leg fracture from falling off the ladder on a Cottrell, Inc. automobile transport trailer, plaintiff John Baker sued Cottrell alleging liability on theories of strict products liability, breach of an implied warranty, and negligence. A jury determined that Cottrell was liable on a single theory of negligence. In these cross-appeals, Baker and Cottrell challenge the district court's denial of their respective motions for judgment as a matter of law as well as motions relating to alleged discovery misconduct and costs. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     Cottrell and Baker first challenge the district court's denial of their motions under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 50(b), seeking judgment as a matter of law on Baker's claim for negligence and Baker's claim for breach of the implied warranty, respectively. We review de novo the denial of a renewed motion for judgment as a matter of law. *Lakeside-Scott v. Multnomah Cnty.*, 556 F.3d 797, 802 (9th Cir. 2009). We view the evidence "in the light most favorable to the party in whose favor the jury returned a verdict and draw all reasonable inferences in [that party's] favor." *Id.* We may set aside the jury's verdict "only if, under governing law, there can be but one reasonable conclusion as to the verdict and only if there is no legally sufficient basis for a reasonable jury to find for that party on that issue." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d

1146, 1155 (9th Cir. 2010) (internal quotation marks and citation omitted).  Neither Cottrell nor Baker have demonstrated that standard is met here.

Although a finding of negligent design generally is precluded if a jury finds no defect in design for purposes of strict liability, *Lambert v. Gen. Motors*, 79 Cal. Rptr. 2d 657, 659–60 (Ct. App. 1998), the jury's negligence verdict did not rest on a theory of negligent design.  Instead, as the district court noted, the negligence instructions "turned on whether [Cottrell] was negligent in *supplying* the ladder." The case on which Cottrell relies does not foreclose a finding of liability under the circumstances.  *See Arriaga v. CitiCapital Com. Corp.*, 85 Cal. Rptr. 3d 143, 154 (Ct. App. 2008) (finding no duty to inspect and no negligence where defendant was a "passive" "finance lessor" that "had neither the opportunity nor the expertise to inspect the machine in order to discover defects").

As he did in district court, Baker fails to identify meaningfully the elements of a breach of implied warranty claim or the specific evidence adduced at trial that he contends establish each element of the claim.  In light of the instructions given, which Baker does not challenge, a reasonable jury could have ruled in favor of Cottrell on Baker's breach of implied warranty claim.  *See A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 453, 456–58 (9th Cir. 2013) (discussing burden for obtaining judgment as a matter of law and deference to jury findings).

19-16431

2.    Cottrell next contends that the district court erred by denying its motion under Fed. R. Civ. P. 60(b) for relief from the judgment on account of Baker's alleged fraud stemming from his failure to disclose the contact information for and interview notes regarding eyewitness Dennis Jacobson.  The district court did not abuse its discretion. *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).  Cottrell was aware of Jacobson and his status as a potential witness to the accident at all relevant times; Cottrell ultimately was able to obtain a statement from Jacobson and play an audio recording of that statement to the jury.  Although Baker should have supplemented his disclosures and discovery responses, the district court reasonably concluded that, even assuming Baker's conduct amounted to fraud, Cottrell could have discovered the undisclosed information prior to trial through the exercise of due diligence and in any event was not prejudiced.  *See id.*; *Pac. & Arctic Ry. & Nav. Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991).

3.    The district court likewise did not abuse its discretion by denying Baker's motion for expenses pursuant to Fed. R. Civ. P. 37.  *See Magnetar Techs. Corp. v. Intamin, Ltd.*, 801 F.3d 1150, 1155 (9th Cir. 2015).  The district court permissibly concluded that Cottrell had a reasonable basis to believe it might prevail at trial on Baker's contentions that Cottrell was partially at fault for his accident, the

ladder was designed defectively, and the ladder was in a used condition at the time of sale. *See id.* at 1161.

4.     Finally, Baker contends that the district court abused its discretion by failing to award him taxable costs. *See* Fed. R. Civ. P. 54(d). Generally, a district court has discretion to deny a prevailing party's request for an award of taxable costs but must specify its reasons for denying such a request. *Berkla v. Corel Corp.*, 302 F.3d 909, 921 (9th Cir. 2002). Here, Baker failed to utilize the procedures established by the local rules to have the district court review his request in accordance with Fed. R. Civ. P. 54. *See* E.D. Cal. R. 292(e) ("On motion filed and served within seven (7) days after notice of the taxing of costs has been served, the action of the Clerk may be reviewed by the Court as provided in Fed. R. Civ. P. 54(d)."). We, therefore, will not disturb the district court's action.

Cottrell's motion to file a supplemental brief (Docket Entry No. 39) and Baker's motion to file a replacement reply brief (Docket Entry No. 41) are granted. The supplemental and replacement briefs are deemed filed.

**AFFIRMED.**